***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. Plaintiff-Employee was employed by defendant-employer, Norandal USA, Inc. from 1967 until 1998 and again in 2000.
2. Globe Indemnity, Royal and SunAlliance, Argonaut Insurance Company, Argonaut Midwest Insurance Company, National Union and ACE USA/ESIS/CIGNA provided workers' compensation coverage during plaintiff-employee's employment with defendant-employer. It is further stipulated by the parties that for the purposes of this claim, ACE USA/ESIS/CIGNA shall be responsible for any workers' compensation benefits awarded to plaintiff-employee as a result of his employment with defendant-employer.
3. It is stipulated that the parties are subject to the North Carolina Workers' Compensation Act, defendant-employer employing the requisite number of employees to be bound under the provisions of said Act.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Prior Opinion and Awards filed by Deputy Commissioner George T. Glenn, II, Deputy Commissioner Stephen T. Gheen and Commissioner Christopher Scott, Copies of Checks, Plaintiff's Motion to Compel Defendants to Comply with Full Commission
 ***********
The following were submitted to the Deputy Commissioner as:
 ISSUES *Page 3 
1. Whether plaintiff is entitled to interest on the Award back to the date of the original hearing with Deputy Commissioner George T. Glenn, II, on March 1, 2004, or from the date of the second hearing with Deputy Commissioner Stephen T. Gheen on May 1, 2006?
2. Whether plaintiff is entitled to a ten percent (10%) penalty on the unpaid compensation and interest?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 3, 2001, plaintiff filed a Form 18B Claim by Employee for Lung Disease Case, Including Asbestosis. A Form 61 Denial ofWorkers' Compensation Claims was filed by Royal Sun Alliance on August 19, 2003, and by ACE USA Cigna on February 23, 2004. Originally this case was pursued against a number of workers' compensation carriers, but an agreement was reached under which the case would be pursued against Norandal USA and ACE USA only.
2. On February 25, 2004, Deputy Commissioner George T. Glenn, II, entered a verbal order barring defendants from disputing the compensability of plaintiff's claim for failure to deny the claim in a timely manner. On March 1, 2004, the claim was heard before Deputy Commissioner Glenn. At the hearing before Deputy Commissioner Glenn, defendants were prohibited from contesting the compensability of plaintiff's claim. On March 8, 2005, Deputy Commissioner Glenn entered an Opinion and Award, which found the claim fully compensable and awarded benefits to plaintiff. *Page 4 
3. Defendants appealed the Opinion and Award to the Full Commission, which reversed the February 25, 2004 verbal order, vacated the March 8, 2005 Opinion and Award, and ordered that the case be remanded to a Deputy Commissioner for a full evidentiary hearing and subsequent entry of an Opinion and Award. An appeal by plaintiff of the Full Commission's Order was denied as interlocutory by the Court of Appeals.
4. On May 1, 2006, a full evidentiary hearing was heard before Deputy Commissioner Stephen T. Gheen. Defendants defended the case through documentary evidence and the use of lay and expert witnesses. On February 12, 2008, Deputy Commissioner Gheen entered an Opinion and Award favorable to plaintiff, awarding benefits to plaintiff for asbestosis in the amount of $40,000.00 pursuant to N.C. Gen. Stat. §§ 97-31(24) and 97-64 and also assessing a ten-percent (10%) penalty against defendants.
5. Both parties appealed Deputy Commissioner Gheen's Opinion and Award to the Full Commission. On December 5, 2008, the Full Commission entered its Opinion and Award affirming the Deputy Commissioner Gheen's February 12, 2008 Opinion and Award with minor modifications.
6. On December 23, 2008, defendants paid $44,000.00 to plaintiff representing the amount of the Award and the ten percent (10%) penalty assessment for violation of a statute. On January 18, 2006, defendants paid plaintiff for interest beginning May 1, 2006, which was the date of the second hearing before Deputy Commissioner Gheen.
7. Plaintiff moved for payment of additional interest for the period between the first hearing before Deputy Commissioner Glenn on March 1, 2004, and the second hearing before Deputy Commissioner Gheen on May 1, 2006. *Page 5 
8. Plaintiff contends that the initial hearing of this claim, for purposes of awarding interest, is the March 1, 2004 hearing before Deputy Commissioner Glenn. However, the Full Commission finds that the March 1, 2004 hearing before Deputy Commissioner Glenn wasnot a hearing on the merits because of Deputy Commissioner Glenn's verbal order barring defendants from disputing the compensability of plaintiff's claim. Moreover, the February 12, 2008 Opinion and Award of Deputy Commissioner Glenn, based upon the proceedings of the March 1, 2004 hearing, was ultimately vacated by the Full Commission and, thus, has no effect in law. To award interest from the date of a hearing that was not on the merits, and upon which the Deputy Commissioner's Opinion and Award was ultimately vacated would be an abuse of the Commission's discretion. Thus, for purposes of awarding interest in this claim, the Full Commission finds that the initial hearing of this matter took place before Deputy Commissioner Gheen on May 1, 2006, with a full evidentiary hearing on the merits.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. Interest due to plaintiff pursuant to the December 5, 2008 Full Commission Opinion and Award shall be calculated from May 1, 2006, the date of the full evidentiary hearing on the merits before Deputy Commissioner Gheen. N.C. Gen. Stat. § 97-86.2.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 6 
1. Interest due to plaintiff pursuant to the December 5, 2008 Full Commission Opinion and Award shall be calculated from May 1, 2006, the date of the full evidentiary hearing on the merits before Deputy Commissioner Gheen. Plaintiff's claim for additional interest on the Full Commission's December 5, 2008 Opinion and Award is hereby DENIED.
2. Each side shall pay its own costs.
This ___ day of March 2010.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ STACI T. MEYER COMMISSIONER
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1